**Tilford YOUNGBLOOD, et al., Plaintiffs,**

v.

**John DALZELL, et al., Defendants.**

**Civ. No. 8774.**

United States District Court,
S.D. Ohio.

Jan. 5, 1989.

See also 804 F.2d 360, 704 F.Supp. 137.

Alphonse Gerhardstein, Marc Mezibov, Clarence Williams, Cincinnati, Ohio, for plaintiffs.

Rodney Prince, Mark Vollman, Julie Bissinger, Asst. Sol., Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon Timothy Jansen, et al.'s motion to intervene (doc. no. 250). The various parties have filed memoranda in regard to their respective positions (doc. nos. 254, 255, 256, 269). In addition, the parties presented their positions to the Court at oral hearing. For the reasons contained herein the motion to intervene is hereby DENIED.

Pursuant to Fed.R.Civ.P. 24(a)(2) these applicants seek to intervene in Civil Action No. 8774. All movants are individuals who have taken exam number 87–80 for the Cincinnati Fire Division recruit class approved and posted on June 10, 1988. In addition, each of the individuals have passed the physical exam and meet all the requirements necessary to become a member of a Cincinnati Fire Division Recruit Class.

On May 7, 1974, this Court entered a Consent Decree with regard to the hiring of minorities to the Cincinnati Fire Division (doc. no. 39). That Consent Decree is still in full force and effect and governs the actions of defendant City of Cincinnati.

Included as part of the Consent Decree were requirements for the hiring of minority members to the Fire Division. Paragraph number 22 of the Decree states, in part:

"Subject to the availability of qualified applicants, defendant shall adopt and seek to achieve a goal of hiring sufficient numbers of qualified minority persons to achieve a work force composition which will not support any inference of racial

discrimination in hiring. Such goal shall be deemed to have been achieved when at least 18% of the Division of Fire Personnel of the City of Cincinnati are minority person ..."

Paragraph number 23 states:

"Defendants shall be deemed to have sought to achieve the stage of the work force composition goals when and as the above percentages of the Fire Division Personnel are minority person, either on or within one month before or after the above dates; provided, however, that defendant shall be deemed to have sought to achieve each stage of the work composition goals in good faith if at least forty percent (40%) of the total Fire Recruit Class for any given year consists of minority persons."

The Recruit Class to be sworn in on August 5, 1987 was authorized and funded for forty (40) individual recruits. The movants would all have been members of that Recruit Class if the class had been chosen based solely upon the scores received in the Civil Service Exam.

The movants do not seek to have the Consent Decree terminated or altered but more appropriately request that it be complied with. They contend that the Recruit Class has been chosen from two lists for the purpose of maintaining a forty percent (40%) minority ratio in the Recruit Class. It is movant's position that the fire department has already achieved the 18% overall minority composition figure thereby relieving the city with complying with the 40% figure. The movants would ultimately request an injunction to prohibit the City from choosing the Recruit Class from the different lists which has a basis of a constitutionally impermissible distinction in race. The merits of these arguments are not presently before the Court but rather the Court must determine whether or not to allow movants to intervene.

Rule 24(a)(2) states:

Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede that applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2).

The essence of the Rule provides a four part test in which the intervenors must show that their Motion is (1) timely; (2) that the intervenors' claim an interest relating to the property or transaction; (3) that the disposition, as a practical matter, may impede or impair their ability to protect their interests; and (4) that their interests are not adequately represented by the parties.

The language of the rule is mandatory, so if the applicants meet the rule's requirements, the Court must permit intervention.

■ The initial question is whether the application is timely. This Court finds that the motion is timely.

Timeliness is a matter within the sound discretion of the district court ... Timeliness is to be determined from all the circumstances. *Stotts v. Memphis Fire Dept.*, 679 F.2d 579 (6th Cir.1982), *citing NAACP v. New York*, 413 U.S. 345, 365 [93 S.Ct. 2591, 2603, 37 L.Ed.2d 648] (1973).

Although the decree was entered more than fourteen years ago, it is still in full force and effect. The City's interpretation of the decree which affects the movants is ongoing and contemporary and its resulting actions recent. Movants proceeded with all due haste from the time that the City allegedly interpreted the decree requiring the movants' exclusion from the Recruit Class.

■ However, there is some doubt that the movants have an interest in the transaction at issue. The plaintiffs argue that the movants do not have a "significant protectable interest" as defined in *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). They rely on the United States Court of Appeals for the Sixth Circuit decision in *Stotts, su-*

*pra,* holding that non-minority firefighters whose promotion expectations were diminished due to the operation of a reasonable consent decree creating an affirmative action plan did not possess such an interest.

They further rely on a previous decision in *Youngblood v. Dalzell,* 625 F.Supp. 30 (S.D.Ohio 1985), *aff'd,* 804 F.2d 360 (6th Cir.1986), *cert. denied,* 480 U.S. 935, 107 S.Ct. 1576, 94 L.Ed.2d 767 (1987) in which a decision was made approving the double fill promotion system for the rank of lieutenant under the decree. In this case it was stated:

> "Since non-minorities do not have a legally protected interest in promotions which could only be made pursuant to discriminatory employment practices, it follows that the legal rights of non-minorities will not be adversely affected by reasonable and lawful race conscious hiring or promotional remedies." *Id.* at 34.

Conversely, movants claim that race was the sole basis for their exclusion because the City misinterpreted the decree by establishing a rigid race-based quota. They further contend that if the decree is interpreted correctly they will be reinstated to the class.

Based upon the aforementioned authority this Court finds that the movants do not have a significant protectable interest in the property or transaction which is the subject of this litigation.

In connection with this holding this Court addresses the third prong of Rule 24; if the movants are denied intervention, would this significantly impair or impede their ability to protect this interest. This Court has previously expressed its opinion and reaffirms its position that if the movants are denied intervention an alternative course of action and remedy exists pursuant to 42 U.S.C. § 1983. This is consistent with this Court's opinion that continuing jurisdiction for the enforcement of a consent decree is not the function of the United States District Court.

Based upon these findings this Court need not consider the fourth prong of the test.

In accordance with the foregoing this Court finds that Timothy Jansen, et al.'s motion to intervene is hereby DENIED.

IT IS SO ORDERED.